GARRISON, Judge,
dissenting:
The question of whether or not the plaintiff was “in custody” of the ladder does not precisely address the issue. More to the point, it would seem, was that the availabil *674 ity of the ladder was not essentially gratuitous. De Monterville and Houeland were profiting by the efforts of plaintiff and his family to fix up the apartment. They were receiving a quid pro quo for the use of the ladder in the same way as a rental company might have obtained a fee from the plaintiff for its use. Inasmuch as Article 1984 provides that a loan under such circumstances was a letting, Article 2695 provides the applicable rule of strict liability:
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.”
Consequently, the jury reached the correct verdict when it found defendants strictly liable to plaintiff.
However, no fault was proven on plaintiff's part and I therefore conclude that in this respect the jury’s finding that there was constituted manifest error. Accordingly, I would amend the trial court’s judgment to eliminate the apportionment of ten percent of the fault and assign one hundred percent of the fault to the defendants. I therefore would grant judgment for the plaintiffs and against the defendants, Daniel La Coste de Monterville, Erick Houeland and State Farm Fire and Casualty Company, for $100,000.00.
BARRY, J., joins.